### KLIGER v. ROSENFELD et al.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. RECEIVERS (§ 58*)—DISSOLUTION OF PARTNERSHIP—ORDER PERMITTING RECEIVER TO PAY DEBTS.

Where an interlocutory decree dissolving a partnership and appointing a receiver of the firm property gave the receiver no authority to pay firm debts, the court had power to subsequently amend the decree nunc pro tunc, so as to permit the receiver to pay the debts, and to direct the referee appointed to pass on the receiver's accounts to take proofs of all payments of firm liabilities theretofore made by him.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 58.*]

2. RECEIVERS (§ 58*)—DISSOLUTION OF PARTNERSHIP.

On a motion for an order amending nunc pro tunc an interlocutory decree dissolving a partnership and appointing a receiver of the firm property, by permitting the receiver to pay firm debts, and directing the referee appointed to pass on the receiver's accounts and exceptions thereto to take proofs of all payments theretofore made by him, the court would not pass on the validity of claims paid by the receiver.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 58.*]

3. RECEIVERS (§ 58*)—DISSOLUTION OF PARTNERSHIP—ORDER AUTHORIZING RECEIVER TO PAY DEBTS.

On a motion for an order amending nunc pro tunc an interlocutory decree dissolving a partnership and appointing a receiver of the firm property, by authorizing the receiver to pay firm debts and directing the referee appointed to pass on the receiver's accounts and exceptions thereto to take proof of all payments theretofore made by him, plaintiff, a partner, who objected to the allowance of the payments, claimed that he could not then procure some of the evidence which he was able to bring out before a former referee appointed to state the firm accounts, which evi-

dence tended to prove the invalidity of the claims. *Held*, that the receiver would not be permitted to take an advantage of his failure to procure an enabling order before paying the claims, and that the motion would only be granted on the receiver stipulating to assume the burden of showing the validity of the claims paid, and that there might be read as evidence before the referee appointed to pass on his accounts any part of the evidence and depositions taken before the former referee.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 58.*]

Appeal from Special Term, New York County.

Action by Max Kliger against Samuel Rosenfeld and another for the dissolution of a partnership and for an accounting, in which Samuel Rosenfeld was appointed receiver. From an order denying a motion to amend an interlocutory judgment nunc pro tunc, the receiver appeals. Reversed, and motion granted, on stated conditions.

See, also, 120 App. Div. 396, 105 N. Y. Supp. 214.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, SCOTT, and HOUGHTON, JJ.

Lewis Johnston, for appellant.
Louis H. Levin, for respondents.

SCOTT, J. In April, 1905, an interlocutory judgment was entered in this action, dissolving the copartnership which had theretofore existed between the parties, appointing the defendant Samuel Rosenfeld receiver of the partnership property, and appointing a referee to take and state the copartnership accounts. The referee made a report, upon which a final judgment was entered, which was, however, reversed upon appeal to this court by reason of the admission of incompetent evidence by the referee. A new referee was appointed, and it was referred back to him to take and state the copartnership accounts. That reference is still pending. The interlocutory decree directed the receiver to collect and reduce to money the partnership assets, and to retain such proceeds subject to the further order of the court. No authority was given to the receiver to pay any partnership debts, but leave was given to either party to apply to the court for such further order as might be necessary. On May 25, 1906, the receiver filed his accounts, showing that he had collected and received the aggregate sum of $10,878.37, and had paid out and expended $10,626.28, consisting mainly of what are alleged to have been debts of the copartnership. Exceptions were filed to the account, and there was appointed as referee to pass upon the account and exceptions the same referee before whom the copartnership accounting was pending. When the receiver attempted to prove the debts paid by him, the referee very properly refused to receive the evidence, because under the terms of his appointment the receiver was not empowered to pay debts. The receiver then moved for an order amending the interlocutory decree nunc pro tunc as of the date thereof, permitting the receiver to pay all just and true debts and liabilities of the copartnership, and directing the referee to take proofs of all payments of copartnership liabilities made by the receiver. That motion was denied, and the receiver appeals.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

We think that there is no doubt of the power of the court to make such an order as is asked for. The court, under the terms of the interlocutory decree, could at any time before payment have made an order authorizing the payment of the copartnership debts, and can now ratify the act of the receiver in doing that which it could have authorized him to do. Whether the order should be made is another question. The receiver swears that he made the payments under the advice of counsel that the interlocutory decree permitted him to do so; and, as there is no means of contradicting that statement, we consider that it should be accepted, and the receiver acquitted of any intentional wrongdoing in making the payments. If the receiver made the payments in good faith, believing that he had a right to do so, and if the debts which he paid were bona fide and valid obligations of the copartnership, he should not now be compelled to be at a loss, merely because his counsel advised him erroneously and failed to protect him by applying for an order permitting the payment.

It is strongly urged upon us that two of the claims, for considerable amounts, were shown to be fictitious by certain evidence produced before the former referee in the copartnership accounting. That may or may not be true; but it is clear that we should not pass upon their validity upon this motion. It is also said that the plaintiff, who objects to the allowance of the payments, cannot now procure and produce some of the evidence which he was able to bring out at the former reference, and which he says tends to prove the invalidity of the claims. While the receiver may be excused for his failure to procure an enabling order before he paid the claims, he may not be permitted to take an advantage from that failure. If he had made application for an order permitting him to pay the claims, the plaintiff would have had notice of the application, and the court would undoubtedly have required some proof of the validity of the claims.

We are unwilling to absolutely cut the receiver off from any opportunity to protect himself and defend the payments made by him; but he should only be put in a position to do so upon stipulating (1) that he will assume the burden of showing affirmatively that the debts which he has paid were valid, enforceable liabilities of the copartnership, and (2) that there may be read as evidence before the present referee, appointed to pass upon the receiver's accounts, any part of the evidence and depositions taken before the former referee, appointed to take and state the copartnership accounts. These conditions will impose no real hardship upon the receiver, because he was a copartner in the firm, presumably cognizant of its affairs.

The order appealed from will therefore be reversed, and the motion granted, upon the conditions above stated, without costs to either party in this court. Settle order on notice. All concur.