JACOB BROWN, Judgment Creditor *v.* MARY E. GUERIN, Judgment Debtor.

City Court of New York, Kings County, September 3, 1937.

*I. J. Ginsberg*, for the judgment debtor.

*Wolfson & Sand* [*Joseph H. Sand* of counsel], for Milton A. Fisher, receiver, and Jacob Brown, judgment creditor.

GOLDSTEIN, J. This is a motion made by the judgment debtor to vacate an order by Mr. Justice GALLAGHER, dated the 6th day of August, 1937, directing a tenant in possession of certain real property owned by the judgment debtor to pay to a receiver appointed herein the monthly rental of said premises. The movant urges four grounds in support of his motion: (1) That Mr. Justice GALLAGHER had no right to grant the order in question; (2) that he had no right to grant such order without notice; (3) such order could not be granted *nunc pro tunc* as of the 6th day of April, 1937, and (4) the order is invalid because the real property in question was sold by the sheriff under an execution issued by this judgment creditor. I shall take up the fourth objection first. Although a judgment creditor is not entitled to the rents from property sold under execution during the period allowed for redemption, yet it has been held that the rents may be applied on account of a judgment, and a receiver to collect them may be appointed. In the case of *Taylor* v. *Ellsworth Building Corp.* (183 N. Y. Supp. 394; affd., 199 App. Div. 934) the court, in an opinion rendered by the late distinguished Mr. Justice CROPSEY, said: " The defendants' contention that it is entitled to receive the rents from its properties, even if they were sold under the executions, during the period allowed for redemption, is not supported by the authorities. The contrary is true, namely, that these rents may be applied on account of the judgments and a receiver appointed to collect them." In view of the foregoing authority I am, therefore, compelled to overrule this objection. The next and most important question is, Did the court, by Mr. Justice GALLAGHER, have the power to sign the order in question? Until the recent enactment of the new article 45 of the Civil Practice Act various courts and judges held different

opinions as to whether a receiver was entitled to collect the rents of real property owned by a judgment debtor. It is very significant that Mr. Justice GALLAGHER, who formerly held that a receiver had no right. to collect the rents, has now, since the enactment of the new article 45, changed his opinion, and as best proof of that we have the present order, the subject of this controversy. In my opinion, if there was any doubt in any one's mind as to whether a receiver had such right, that doubt should now be dispelled by the new provisions contained in the new article, especially the broad power given to a receiver as provided by section 804 of this article. The powers conferred upon a receiver under the old section 811 of the Civil Practice Act were very limited, and I assume that that was the reason why some of the judges disagreed with me. I, therefore, hold that the court had the power to direct a tenant to attorn to the receiver appointed in this proceeding. As to whether the court had the right to grant this order without notice, I also hold that such right was expressly conferred upon the court by rule 175 of the Rules of Civil Practice. The rule expressly says so. Prior to June, 1921, the rule did not expressly confer upon a receiver the right to apply " without notice " for an order directing tenants of real property to attorn to him. In June, 1921, that rule was amended and the words " without notice " were inserted in that rule. I, therefore, overrule this objection also. As to the question whether the court had the right to grant the order *nunc pro tunc* as of the 6th day of April, 1937, I find that the court had such right. Since I have held that a receiver is entitled to collect the rents of real property owned by the judgment debtor, although the order appointing the receiver gave him no authority to collect such rents, I hold that the court, which appointed the receiver, had the power to subsequently amend the order *nunc pro tunc* so as to permit the receiver to collect such rents or to institute summary proceedings to recover such rentals. (*Kliger* v. *Rosenfeld,* 130 App. Div. 421.) The order of Mr. Justice GALLAGHER dated August 6, 1937, is in all respects valid and proper and the motion to vacate such order is denied. Since the argument of this motion there has come to my attention by letter from the attorney for the judgment debtor that the judgment, upon which this proceeding is based, was satisfied on the 14th day of July, 1937. The judgment debtor now urges that in view of the satisfaction of this judgment the receivership in this proceeding should fall. Such question is not now before me and without expressing any opinion as to the soundness of this argument, I cannot consider this objection at this time. Submit order.